OPINION *Page 2 
{¶ 1} Appellant Henry Wolfe appeals the sentence imposed by the Delaware County Court of Common Pleas.
 {¶ 2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 4} This appeal shall be considered in accordance with the aforementioned rule.
 Statement of the Facts and Case {¶ 5} On October 14, 2005, the Delaware County Grand Jury indicted appellant on six counts of breaking and entering, fifteen counts of theft, six counts of vandalism, three counts of possessing criminal tools and one count of engaging in a pattern of corrupt activity. These charges were the result of appellant breaking into five area businesses. Appellant entered a plea of not guilty, at his arraignment, on October 31, 2005.
 {¶ 6} This matter proceeded to a jury trial on November 15, 2005. Following deliberations, the jury found appellant guilty of the following charges: Counts 3 and 15, breaking and entering and vandalism of Delco Drive-Thru; Counts 4, 24 and 28, breaking and entering, vandalism and possession of criminal tools involving Midway *Page 3 
Market; Counts 5 and 25, breaking and entering and vandalism involving Pit Crew Carry-Out and Count 31, engaging in a pattern of corrupt activity based on the underlying breaking and entering charges.
 {¶ 7} On November 21, 2005, a sentencing hearing was held wherein the trial court sentenced appellant to twelve (12) months on each of the Breaking and Entering convictions, six (6) months on each of the vandalism and possession of criminal tools convictions, and eight (8) years on the charge of Engaging in a Pattern of Corrupt Activity. Appellant was ordered to serve the twelve (12) month sentences consecutive to each other but concurrent with the rest of the sentences. Said sentence was also ordered to be served consecutively to the prison term for which Appellant is currently incarcerated.
 {¶ 8} Appellant appealed his conviction and sentence to this Court, assigning the following sole error for review:
 {¶ 9} "THE TRIAL COURT ERRED IN THAT THE IMPOSITION OF A MAXIMUM SENTENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
 {¶ 10} By Opinion and Entry dated July 21, 2006, this Court affirmed the judgment of the lower court, finding that the sentence imposed was not the maximum sentence permitted for a felony of the first degree, and accordingly, the trial court's sentence was not against the manifest weight of the evidence.
 {¶ 11} On July 24, 2006, Appellant filed a Motion for Reconsideration pursuant to App.R. 26(A), raising, for the first time, the argument that because all of the incidents comprising the corrupt activities charges were felonies of the first degree, the charge of *Page 4 
engaging in a pattern of corrupt activity is a second degree felony rather than a first degree felony. Appellant therefore argues that the trial court sentenced him to the maximum sentence for a second degree felony, that being eight years, and that same was excessive.
 {¶ 12} On August 3, 2006, the State of Ohio filed its Response to Appellant's Motion, stating that an eight years sentence was within the sentencing range for a second degree felony and therefore appropriate.
 {¶ 13} By Judgment Entry filed August 9, 2006, this Court re-opened said appeal.
 {¶ 14} Appellant's appeal is now before us upon re-opening and sets forth the following assignments of error for our consideration:
 ASSIGNMENTS OF ERROR {¶ 15} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PRISON SENTENCE ON A FIRST DEGREE FELONY. THE CHARGE WAS A VIOLATION OF ORC2923.32. BECAUSE THE DEFENDANT'S UNDERLYING CONVICTIONS WERE FIFTH DEGREE FELONIES, THEN THE VIOLATION OF ORC 2923.32 MUST BE A SECOND DEGREE FELONY.
 {¶ 16} "II. THE TRIAL COURT ERRED IN THAT THE IMPOSITION OF A MAXIMUM SENTENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
 I., II. {¶ 17} In his first and second assignments of error, Appellant argues that the trial court erred in sentencing him on Count Thirty-One as a first degree felony. *Page 5 
 {¶ 18} Count 31 of the indictment charged appellant with engaging in a pattern of corrupt activity, which the trial court believed was a felony of the first degree.
 {¶ 19} Appellant was charged with multiple crimes which did include third-degree felonies, however, all of the incidents comprising the corrupt activities charges for which Appellant was convicted were felonies of the first degree. The charge of engaging in a pattern of corrupt activity is therefore a second degree felony rather than a first degree felony.
 {¶ 20} Based on same, Appellant argues that the trial court sentenced him to the maximum sentence for a second degree felony, that being eight years, and that such maximum sentence was excessive.
 {¶ 21} In the case sub judice, the trial court sentenced appellant to an eight-year prison term for Count 31, the charge of engaging in a pattern of corrupt activities. While eight years is not the maximum sentence permitted for a felony of the first degree, it is the maximum sentence permitted for a second degree felony.
 {¶ 22} Because the trial court was under the impression that such charge was a first degree felony when it imposed the eight-year sentence, we cannot presume that it would have entered the same sentence for a second-degree felony conviction. We therefore must vacate the sentence imposed therein and remand this matter to the trial court for re-sentencing. *Page 6 
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby vacated, reversed and remanded for re-sentencing.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed and remanded for re-sentencing.
 Costs assessed to Appellee. *Page 1